FILED

Koichi Saito, Lynne'a Saito

℅ 3987 31st ave NE

Near Naples, without Florida

2023 APR 13  AM 11: 26

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

April 13, 2023

### UNITED STATES DISTRICT COURT

### IN AND FOR THE MIDDLE DISTRICT OF FLORIDA

Koichi Saito, Lynne'a Saito                    Case # 2:23-cv-00266-JLB-KCD

     Plaintiffs

          v.

Corey Lewis,

Pratik R. Patel,

Molly Emma Carey,

Joseph Foster,

DeCUBAS & LEWIS, PA,

STATE OF FLORIDA,

     Defendants

### 7- MILLION DOLLAR  CLAIM UNDER 42 U.S. CODE SEC. 1983 ACTION FOR DEPRIVATION OF CIVIL RIGHTS, VIOLATION OF DUE PROCESS, CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD, FORGERY, WRONGFUL FORECLOSURE, AND BREACH OF CONTRACT THIS CLAIM IS ALSO FOR OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

1

Comes Now Plaintiffs Koichi Saito and Lynne'a Saito, to file their claim against the Defendants. The claim will be brought forward in Common Law, "Administrative Law," "Law," "Equity," and Under the Uniform Commercial Code. This 42 U.S. Code Sec. 1983 Civil Action Claim is for Deprivation of Civil Right Under Color of Law, conspiracy to commit real estate deed fraud, and forgery. This case is brought to enforce constitutional rights under 42 U.S.C. § 1983, conspiracy statutes under Federal Law.

42 U.S. Code § 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be a statute of the District of Columbia.

## **JURISDICTION:**

1. The Judiciary Act, through Congress, placed admiralty under the jurisdiction of the federal district courts.
2. This federal district court has subject matter jurisdiction over this matter pursuant to *28 U.S.C. 1331*, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.
3. This court has personal jurisdiction over Defendants' corporations because the corporation's principal place of business is in this state.
4. Venue is proper, pursuant to *28 U.S.C. 1391(b),* because the events giving rise to the allegations in this complaint occurred in this district.
5. Federal court has jurisdiction over this case based on the following reasons:

   a. This 42 USC 1983 civil rights claim is a Constitutional dispute.

   b. Plaintiffs filed a claim against the state court judge, whereby other state court judges would have a conflict of interest.

c. The state is guilty of real estate deed fraud, which is verified by the day-to-day process of registering homeowners' property deeds in their office.

d. The state is in control of Plaintiffs' property deed when there is no law that mandates Plaintiffs to register their property.

e. The State is paying the judge and providing a pension, 401k, so other state court judges will have a conflict of interest to hear this case in state court.

6. The State is the real party responsible for the foreclosure of Plaintiffs' property, using state-licensed sub-agencies to do the dirty work.
7. The amount of damage is over what the state court has jurisdiction to rule on.
8. Defendants violated Federal Laws.
9. Defendants violate Plaintiffs' right to due process in state court, whereby they are liable under 42 U.S.C 1983, a federal civil rights statute.
10. There is no other court available for remedy.

## FACTUAL ALLEGATIONS:

11. The original contract in this case was altered, stolen and there was an addition to the agreement with the following items that are missing from the contract filed in this case:
12. The intent of the agreement is that the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money,
13. The bank or financial institution involved in the alleged loan will follow GAAP,
14. The lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower,
15. The borrower does not provide any money, money equivalent, credit, funds or capital, or thing of value that a bank or financial institution will use to give value to a check or similar instrument,
16. The borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP, thus ending all interest and liens, and
17. The written agreement gives full disclosure of all material facts.

18. The bank advertised that they loan money:

a. Plaintiffs applied for a loan.

b. The bank refused to loan Plaintiffs legal tender or other depositors' money to fund the alleged bank loan check.

c. The bank misrepresented the elements of the alleged agreement to the alleged borrower.

d. There is no bona fide signature on the alleged promissory note.

e. The promissory note is a forgery.

f. The promissory note—with Plaintiffs name on it— obligates Plaintiffs to pay $514,000 plus interest, giving it a substantial value in todays market if it were sold to investors.

g. The bank recorded the forged promissory note as a loan from Plaintiffs to the bank.

h. The bank used this loan to fund the alleged bank loan check back to Plaintiffs.

i. The bank refused to loan Plaintiffs legal tender or other depositors' money in the amount of $514,000 or repay the unauthorized loan it recorded from Plaintiffs to the bank.

j. The bank changed the cost and the risk of the alleged loan.

k. The bank operated without Plaintiffs knowledge, permission, authorization, or agreement.

l. The bank denied Plaintiffs equal protection under the law.

m. The bank refused to disclose material facts of the alleged agreement and refused to tell Plaintiffs if the agreement was for Plaintiffs to fund the alleged

4

bank loan check or if the bank is to use the bank's legal tender or other depositors' money to fund the bank loan check.

n. The bank refused to disclose whether the check was the consideration loaned for the alleged promissory note.

o. The bank failed to disclose if the promissory note is money or not money.

q. It appears the bank recorded the promissory as an unauthorized loan from Plaintiffs to the bank.

19. Defendants committed and conspired to commit real estate deed fraud when they failed to deliver the property deed as mandated by the state property transfer statute.
    a. The mortgage deal was not done according to the GAAP accounting principles, in violation of federal law.
    b. The electronic credits called the mortgage loan were generated by Plaintiffs signature on the promissory note.
    c. The words stamped on the promissory note "pay to the order of" without recourse will verify the bank official who signed there received the electronic credits called the mortgage loan.
    d. There was no exchange of money in the mortgage loan.
20. Valid conveyances require that the executed deed be delivered to and accepted by the grantee.
21. The property deed was never delivered or accepted by Plaintiffs.
22. Defendants committed acts of forgery when they fraudulently made false documents and altered real documents as if they are genuine.
23. The fact that the alleged lender accepted Plaintiffs' signature on the mortgage lien proves that Plaintiffs owned the property already.
24. The first illegal mortgage lien was placed on the property after the unlawful registration.
25. Molly Emma Carey is co-owner of the property listed as damages in Plaintiffs' claim. She is included as is required for filing a claim against one's property.

26. The attorneys, Corey Lewis and Pratik Patel are employed by DeCUBAS & LEWIS, a 3rd party debt collector located at 1999 North University Drive, Suite 204 Coral Springs, FL 33071, with mailing address P.O. Box 771270, Coral Springs, Florida 33077.

27. On January 25, 2023, Defendants Corey Lewis and Pratik Patel filed the foreclosure complaint (case #11-2023-CA-000138-0001) against Plaintiffs' property without an affidavit from an injured party to provide jurisdiction to the court. [Exhibit A, B]

28. The statute that Defendant Corey and Defendant Pratik use in the foreclosure complaint is not a valid law as it does not have the three elements the state constitution mandates must be present to be a valid law.

29. The foreclosing statute Florida Statute Chapter 702 is missing the enacting clause, the title, and the body, and therefore the foreclosing statute is not a valid law and is unconstitutional on its face.

30. Defendants Corey and Pratik violated the F.D.C.P.A. (Fair Debt Collection Practices Act) when they engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party.

31. The attached ROA [Exhibit C] sheet will show the defendants never responded to the jurisdictional challenge with an affidavit by a counter-affidavit.

32. The attached ROA [Exhibit C] sheet will show the defendants never responded to the Plaintiffs' counterclaim on and for the record.

33. The record reflects that Plaintffs are not statutory U.S. citizens and have no minimum contacts with the state, and therefore not subject to the court's statutory jurisdiction without an injured party.

34. The record reflects that Plaintiffs's property is not "in the state" as statutorily defined at F.S. 212.02, meaning "within the state boundaries of Florida as defined in s. 1, Art. II of the State Constitution and includes all territory within these limits owned by or ceded to the United States."

35. Plaintiffs' property is not in the state, as statutorily defined, and therefore not subject to the court's in rem jurisdiction.

36. Plaintiffs were subjected to harassment from 5 attorneys who all signed on to the case but could not prove jurisdiction on the court record.

37. There is no injured party.

38. On February 3, 2023 Lindsay Maisonet, an agent of Defendant DeCUBAS & LEWIS, signed on to the case as the attorney of record.

39. On February 15, 2023, Defendant Pratik and Defendant Corey received Plaintiffs' notice of jurisdictional challenge with an affidavit.

40. Defendants have not responded to Plaintiffs' notice of jurisdictional challenge with an affidavit to this day.

41. The judge, Defendant Joseph Foster, made a docket entry on February 28, 2023.

42. Defendant Pratik is listed as the attorney of record on the case, at the address PO Box 771270 Coral Springs, FL 33077.

43. On March 22, 2023, Plaintiffs responded to Defendants' foreclosure petition with their 1-million-dollar counterclaim.

44. Defendants have not answered the counterclaim on and for the record to this day.

### SCHEME TO DEFRAUD:

45. The contract filed in the state foreclosure case is forged and missing at least 6-provisions that are listed in the original contract.

46. The foreclosure statute used to provide the court with jurisdiction is not a valid law as it is missing the 3 elements that the Florida State Constitution mandates must be present to be a valid law.

47. The Florida State Constitution mandates all laws are to be enacted and have an enacting clause, a title, and a body.

48. The original contract with the signatures of both the alleged borrower and the lender has never been filed in court to verify there was a bilateral contract.

49. Without a certification of the accounting entries, the attorneys cannot verify there was a debt.

50. The attorney cannot verify agency and therefore the foreclosure lawsuit has a fatal flaw.

51. The foreclosure was filed showing the servicer as the plaintiff, however no one from the lender's corporation signed the foreclosure documents.

52. There is no witness before the court to give the court jurisdiction.

53. There is no affidavit filed in the case to give the state court jurisdiction.

54. There property is not located "in this state" to give the state court jurisdiction.

## THE LENDER FAILED TO FOLLOW THE GAAP ACCOUNTING LAWS:

55. The contract should be rescinded because the attorneys did not provide full disclosure, and the contract is extremely deceptive and unconscionable, [*In re Pearl Maxwell, 281 B.R. 101*. The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures.

56. The original debt was zero because Plaintiffs' financial asset was exchanged for FED's promissory notes in an even exchange. Promissory notes and other commercial instruments are legal tender, financial assets to the originator, and a liability to the lender.

57. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset.

58. But the attorneys do not understand that they have this liability because most of them are unaware of it.
    a. UCC §1-201(24), §3-104, §3-306, §3-105,
    b. UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511
    c. UCC §§9-102(9), (11), (12)(B), (49), (64)
    d. 12 USC 1813(l)(1)

59. Defendant's records will show the defendants have an offsetting liability to Plaintiffs, pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR).

60. These records include:
    a. FR 2046 balance sheet,
    b. 1099-OID report,
    c. S-3/A registration statement,

    d.  424-B5 prospectus and

    e.  RC-S & RC-B Call Schedules

Plaintiffs' claims are brought forward Under Common Law:

## 61. ELEMENTS FOR COMMON LAW:

a.  Controversy (The listed defendants)

b.  Specific Claim (wrongful foreclosure, breach of contract, conspiracy to commit deed fraud, forgery)

c.  Specific Remedy Sought by Claimant (7- million dollars, the property commonly addressed as 846 SE 4 CT DEERFIELD BEACH FL 33441 )

d.  Claim is sworn to (Affidavit of Verification attached), and Plaintiffs will verify in open court that all herein be true.

## 62. PARTIES:

a.   The first defendant is Corey Lewis.

b.   The second defendant is Pratik Patel.

c.   The third defendant is Joseph Foster.

d.   The fourth defendant is DeCUBAS & LEWIS, PA.

e.   The fifth defendant is the STATE OF FLORIDA.

## Count One- Violation of 42 U.S.C. 1983:

63. Plaintiffs incorporate by reference the facts alleged in paragraphs 1-62.

64. Defendants' negligence was the direct and proximate cause of Plaintiffs' injuries.

9

**Count Two- Violation of Due Process:**

65. Plaintiffs incorporate by reference the facts alleged in paragraphs 1-62.

66. Defendants had a duty to follow the law and the constitution.


**Count Three- Conspiracy to Commit Real Estate Deed Fraud:**

67. Plaintiffs incorporate by reference the facts alleged in paragraphs 1-62.

.


**Count Four- Forgery:**

68. Plaintiffs incorporate by reference the facts alleged in paragraphs 1-62.


**Count Five- Wrongful Foreclosure:**

69. Plaintiffs incorporate by reference the facts alleged in paragraphs 1-62.


**Count Six- Breach of Contract:**

70. Plaintiffs incorporate by reference the facts alleged in paragraphs 1-62.


**Count Seven- Real Estate Deed Fraud:**

71. Plaintiffs incorporate by reference the facts alleged in paragraphs 1-62.


**Count Seven- Obstruction of The Administration of Justice**

72. Plaintiffs incorporate by reference the facts alleged in paragraphs 1-62.

## WRONGFUL FORECLOSURE:

73. The wrongful foreclosure action filed in state court had no injured party and therefore damages should be granted.

74. The 5th Amendment secures that no person will be deprived of life, liberty, or property without due process of law.

75. The "injured party" must appear and state that he/she is owed a debt, the debtor must be given the right to challenge this debt for "validation" [Cf. *15 USC 1692g*]. Only an "injured party" can claim a debt is owed. "Imaginary persons" cannot appear or give testimony and cannot be the "Plaintiff" of any cause of action.

76. There is no injured party in the state foreclosure case and the property is not located in the state, as statutorily defined. Therefore the court did not have jurisdiction.

## BREACH OF CONTRACT:

77. The bank advertised that they loan money:

    a. Plaintiffs applied for a loan.

    b. The bank refused to loan Plaintiffs legal tender or other depositors' money to fund the alleged bank loan check.

    c. The bank misrepresented the elements of the alleged agreement to the alleged borrower.

    d. There is no bona fide signature on the alleged promissory note.

    e. The promissory note is a forgery.

    f. The promissory note—with Plaintffs' names on it— obligates Plaintiffs to pay $514,000 plus interest, giving it a substitutional value if it were sold to investors.

g. The bank recorded the forged promissory note as a loan from Plaintiffs to the bank.

h. The bank used this loan to fund the alleged bank loan check back to Plaintiffs.

i. The bank refused to loan Plaintiffs legal tender or other depositors' money in the amount of $514,000 or repay the unauthorized loan it recorded from Paintiffs to the bank.

j. The bank changed the cost and the risk of the alleged loan.

k. The bank operated without Plaintiffs knowledge, permission, authorization, or agreement.

l. The bank denied Plaintiffs equal protection under the law.

m. The bank refused to disclose material facts of the alleged agreement and refused to tell Plaintiffs if the agreement was for Plaintiffs to fund the alleged bank loan check or if the bank is to use the bank's legal tender or other depositors' money to fund the bank loan check.

n. The bank refused to disclose whether the check was the consideration loaned for the alleged promissory note.

o. The bank failed to disclose if the promissory note is money or not money.

p. It appears the bank recorded the promissory as an unauthorized loan from Plaintiffs to the bank.

q. The attorneys, Defendants Corey and Pratik are misrepresenting themselves as working for a loan servicer when they are illegally collecting as a 3rd party debt collector in violation of the F.D.C.P.A.

78. Defendants violated Plaintiffs' right to due process (42 U. S. C. 1983) by using an unfair court process that is in violation of federal laws and the court rules.

79. Defendants obstructed the administration of justice.

## NEGLIGENT/RECKLESS CONDUCT:

80. As a proximate result of the negligent or reckless conduct of the attorneys acting as a 3rd party debt collector, Plaintiffs suffered injury when the attorneys filed unlawful foreclosure using a foreclosure statute that is missing the 3 elements needed to be considered a valid law, against property not located in the state, as statutorily defined.

81. The state constitution mandates laws to be enacted by Congress and they must have an enacting clause, a title, and a body.

82. The revised statute used to provide jurisdiction to the court is not a valid law and therefore robs the court of jurisdiction.

83. To be subject to the court's in rem jurisdiction, Plaintiffs' property would first have to be owned by or ceded to the United States. The record reflects that Plaintiffs' property is not owned by or has been ceded to the United States, and therefore robs the court of jurisdiction.

84. The attorneys filed a forged contract in the state foreclosure case.

85. The contract filed is missing the following provisions agreed upon in the original contract:

   a. The intent of the agreement is that the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money;
   b. The bank or financial institution involved in the alleged loan will follow GAAP;
   c. The lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower;
   d. The borrower does not provide any money, money equivalent, credit, funds or capital, or thing of value that a bank or financial institution will use to give value to a check or similar instrument;

13

e. The borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP, thus ending all interest and liens; and

f. The written agreement gives full disclosure of all material facts.

86. Defendants violated Plaintiffs' right to due process (42 U. S. C. 1983) by using an unfair court process that is in violation of federal laws and the court rules.

87. Defendants obstructed the administration of justice.

### Slander of Title:

88. Defendants have caused to be recorded various documents including an unlawful foreclosure which constitutes slander of title, and Plaintiffs should be awarded resulting damages to be fully proved at the time of trial.

### Slander of Credit:

89. Plaintiffs allege that the actions and inactions of Defendants have impaired their credit causing them to lose the ability to have good credit, entitling Plaintiffs to damages, including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

### Infliction of Emotional Distress:

90. Defendants have intentionally and negligently taken illegal actions which have caused Plaintiffs' severe emotional distress.

91. The attack on Plaintiffs' home using a statute that is not a valid law is fraud on the court.

92. The fact that part of the original agreement is missing from the contract filed in the state foreclosure case and that Defendant Pratik can no longer be found at the address he submitted on the case is a clear showing of Defendants' illegal intent to cause distress.

## Damages:

93. Plaintiffs are seeking damages for wrongful foreclosure, and they have shown that:

    a.  There was an irregularity and fatal deficiencies in the foreclosure case,

    b.  The irregularity and deficiencies caused Plaintiffs damages. [See University Sav. Ass'n v. Springwoods (1982)]

94. As a proximate result of the negligent actions of Defendants, Plaintiffs have suffered consequential damage and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

95. As a result of these actions by the judge Joseph Foster, the attorneys Corey Lewis and Pratik Patel, and the defendants, I, Koichi Saito, and I, Lynne'a Saito, have suffered in the following ways:

    a.  Lost income.  I have my own business.  I have lost hours and sometimes days of seeing clients take care of the filings, phone calls, and consultations with my legal team.  I have also suffered intense anxiety attacks with a loss of sleep and intense muscle spasms. These muscle spasms have aggravated a back and nerve injury I sustained a few years ago. When this happens, I am forced to cancel clients, creating lost income. The amount of income can be up to, and sometimes exceeds, $1350 per lost day of productivity. As I am self-employed, there is no way to make up this deficit with vacation or sick leave.

    b.  Medical costs.  The resulting stress and loss of sleep also resulted in chronic pain and physical dysfunction.  I sought out and attend a special fascia treatment program available only in New Mexico or by virtual appointment for treatment of chronic neck and back pain and difficulty moving.  The cost came out of my own pocket and, with all associated costs, totaled more than $5500.  I will never be able to give a monetary value for the increased damage to my health from high-stress hormone damage and adrenal dysfunction-associated health consequences from the stressors that I suffered. This high stress is a result of having a case filed against my private home.

c. No one can return to me the health I have lost in dealing with the dubious actions of the persons named in my lawsuit.

d. I will never completely retrieve my peace of mind and calm the near-constant state of anxiety I find myself in now. These actions have forever altered my mental health and well-being.

e. Defendants acted with deliberate indifference to the Constitution and federal laws when they violated Plaintiffs' rights under 42 U.S. Code 1983, and Plaintiffs' right to "due process".

### 96. The Judge Lacks Immunity When He Violates The Law:

The judge has qualified immunity when he follows the constitution and the law. The Tucker Act exposes the government to liability for certain claims. Specifically, the Act extended the court's jurisdiction to include claims for liquidated or unliquidated damages arising from the Constitution (including takings claims under the Fifth Amendment), a federal statute or regulation, and claims in cases not arising in tort. The relevant text of the Act is codified in 28 U.S.C. §§ 1346(a) and 1491. The Tucker Act (March 3, 1887, ch. 359, 24 Stat. 505, 28 U.S.C. § 1491) is a federal statute of the United States by which the United States government has waived its sovereign immunity with respect to lawsuits pertaining to 5th Amendment violations of due process.

### The Five Elements of "Due Process:

97. In assessing whether this demonstration has been or can be made, the courts look to the five elements, which, over the centuries of judicial experience, have come to be recognized as the sine qua non of "due process.":

a. Equality: The system must not discriminate procedurally between parties. If one party is entitled to counsel, then all are entitled. If notice is provided to one, it must be provided for all. The essential requirement for Equality is that the system provides a "level playing field" for the disputants. Discrimination in appearance or fact is an anathema to the Equality required to satisfy due process.

b. Economy: The cost of access to the system must not be a barrier to its use or operate to the disadvantage of one or the other parties. This means that grievance

and arbitration proceedings should not be made a Board profit center and, in fact, may have to become subsidized to assure open access.

c.  Expedition: As "justice delayed is frequently justice denied", there is an affirmative obligation on the part of the system to expedite ethics and arbitration proceedings. This does not foreclose orderly procedure with adequate time to ensure notice, time to prepare, opportunity to identify and gather witnesses, and otherwise develop facts and arguments. It does, however, foreclose dilatory tactics, unreasonable extensions of time, and protraction of hearings.

d.  Evidence: The system must be designed and function to elicit evidence, not assumptions; proof, not presumptions. While strict rules of evidence in the judicial sense do not apply, there must be control of what is admitted as relevant and judgment as to what is mere speculation and hearsay designed to prejudice rather than inform.

e.  Equity: The system must produce decisions that reflect a sense and substance of "rightness" and "reasonableness." In matters involving unethical conduct, the punishment should fit the offense. The judgment should reflect consideration of extenuating circumstances and a balancing of competing values and objectives. Moreover, the predictability, consistency, and uniformity of the system's performance is an important measure of Equity.

98. Conspiracy: A federal criminal conspiracy is built up of five elements:

a.  Two or more persons that;
b.  Intentionally;
c.  Agreed;
d.  To violate federal law or defraud the United States; and commit an overt act in furtherance of the agreement.

**Elements for Forgery:**

99. Forgery is making, using, altering, or possessing a false document with the intent to commit fraud. Forgery can be the creation of a false document or changing of an

authentic one. There are several elements to the crime of forgery, and all must be proven before someone can be found guilty:

a. A person must make, alter, use, or possess a false document. Forgery can be creating a false document from scratch or altering an otherwise genuine document in a material way. The alteration is material if it affects a legal right.
b. The writing must have legal significance.
c. The writing must be false. The writing must have been created or changed in a way that makes it appear that the document represents something that it is not.
d. Intent to defraud.

### 100. Request for Damages:

Plaintiffs request compensatory and general damages for expenses for legal expenses, medical bills, mental anguish associated with living with the consequences of Defendants negligence, loss of income, damaged credit score, embarrassment from having Plaintiffs' house listed on Zillow and other Real estate foreclosure websites while the case is in litigation, and the undue stress of Defendants' agents regularly visiting Plaintiffs' home. Plaintiffs request punitive damages in what the jury finds just and fair. Plaintiffs move this court to enter judgment for Plaintiffs and against each of the Defendants, and grant:

a. compensatory and consequential damages, including damages for emotional distress, humiliation, and other pain and suffering on all claims allowed by law in an amount in excess of 7- million dollars and the property commonly addressed as 846 SE 4 CT DEERFIELD BEACH FL 33441.
b. any further relief that this court deems just and proper, and any other appropriate relief a law

**WHEREFORE**, Plaintiffs Koichi Saito and Lynne'a Saito, request the following:

a. That the court enter a judgment in favor of Koichi Saito and Lynne'a Saito, and against the defendants on all counts of the Complaint;

b. That the court award compensatory damages to Plaintiffs and against the defendants jointly and severally, in an amount to be determined at trial;

c. That the court award punitive damages to Plaintiffs, and against the defendants, jointly and severally, in an amount to determine at trial in order that such award will deter similar proscribed conduct by the defendants in the future.

d. That the court award Plaintiffs, and against the defendants, prejudgment and post-judgment interest on all sums awarded in this action, and including reasonable legal fees, pursuant to 42 USC Sec. 1988; and

e. That the court grant Plaintiffs such other equitable relief that the court deems appropriate.


**Demand For A Trial By Jury**

Comes Now Koichi Saito and Lynne'a Saito, the Plaintiffs, and hereby demand jury trial on all issues so triable to a jury.

Koichi Saito

Lynne'a Saito

On the 13th day of April 2023

Without Prejudice UCC 1-308

AFFIDAVIT OF KOICHI SAITO, LYNNE'A SAITO

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

I, the Affiant, who goes by Koichi Saito, a man, and I, the Affiant, who goes by Lynne'a Saito, a woman, being of sound mind, and over the age of twenty-one, reserving all rights, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of Florida, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following statements and facts, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, do solemnly declare, and depose and say the foregoing claim.

FURTHER AFFIANT SAITH NOT.

I declare under the penalty of bearing false witness before God and as recognized under the laws in and for The State of Florida, the Laws of the United States of America, acting with sincere intent and full standing in law, do herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and not intended to mislead anyone, and that Koichi Saito and Lynne'a Saito, execute this document in accordance with best knowledge and understanding without dishonor, without recourse; with All rights reserved, without prejudice.

Done this _13th_ day of April in the year 2023, under penalty of perjury under the laws of the United States of America.

_____

Koichi Saito

_____

Lynne'a Saito

SUBSCRIBED AND SWORN to this _13th_ day of April 2023.



Notary Public; in and for MIAMI-DADE

_____    Valerie Tynes

Name of Notary

## Certificate of Service:

A copy of this document was mailed to the court and a copy was mailed to the parties
and the agency listed below.

Koichi Saito

Lynne'a Saito

On the 13th day of April 2023

Without Prejudice UCC 1-308

COREY LEWIS

1999 N University Dr., SUITE

204

Coral Springs, FL 33071

MOLLY EMMA CAREY

846 SE 4 Court

Deerfield Beach, FL 33441

JOSEPH FOSTER

Collier County Courthouse

PRATIK PATEL

1999 N University Dr., SUITE

204

Coral Springs, FL 33071

3315 Tamiami Trail East,

Suite 204

Naples, FL 34112

Office of Attorney General

STATE OF FLORIDA

The Capitol PL-01

Tallahassee, FL 32399-1050

oag.civil.eserve@myfloridalegal.com