UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO and LYNNEA
SAITO,

    Plaintiffs,

v.       Case No.:  2:23-cv-266-JLB-KCD

COREY LEWIS, PRATIK PATEL,
MOLLY EMMA CAREY, JOSEPH
FOSTER, DE CUBAS AND
LEWIS, PA, and STATE OF
FLORIDA,

    Defendants.
_____/

## ORDER

Before the Court is Koichi and Lynnea Saito's Amended Motion to Strike Notice of Appearance (Doc. 32), along with Defendants Molly Emma Carey; De Cubas and Lewis, PA; Corey Lewis; and Pratik Patel's response (collectively, "Defendants") (Doc. 29). For the following reasons, the Court denies Plaintiffs' motion.

### I. BACKGROUND

This case arises from an allegedly fraudulent mortgage taken on Plaintiffs' home. (Doc. 1 at 3-4.) As best the Court can tell, Plaintiffs allege that a bank forged a promissory note requiring them to pay $514,000 plus interest. (Doc. 1 at 4.) Plaintiffs defaulted on the payments, which prompted a

foreclosure proceeding in Florida state court. (Doc. 1-1 at 1.) Plaintiffs sue in relation to this proceeding, and name as defendants the co-owner of the property (Carrey); the bank's attorneys (Lewis and Patel); the attorneys' firm (De Cubas and Lewis, PA); the presiding judge (Judge Foster); and the State of Florida.

Plaintiffs' complaint is meandering, repetitive, difficult to follow and, much like their previous complaint in another lawsuit before this Court, contains the properties of a "sovereign citizen" pleading. *See United States v. Sterling*, 738 F.3d 228, 223 n.1 (11th Cir. 2013).[1] For example, Plaintiffs assert that they are "not statutory U.S. citizens," and their property is "not in the state" of Florida. (Doc. 1 at 6.) In accordance with these claims, Plaintiffs argue that the state court has no jurisdiction to foreclose their home. (Doc. 1 at 11.)

In response to Plaintiffs' complaint, Defendants retained Steven Lansing Force as their attorney, who submitted his Notice of Appearance. (Doc. 12.) Mr. Force later moved to dismiss the complaint. (Doc. 14.) In this immediate motion, Plaintiffs seek to strike Mr. Force's Notice of Appearance. (Doc. 32.)

In similar fashion to the complaint, Plaintiff's motion is meandering and confusingly contradictory. As best the Court can understand, Plaintiffs appear to ask the Court to preclude Mr. Force from representing Defendants.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## II. DISCUSSION

First, Plaintiffs contend that Mr. Force cannot represent Defendants because, "it is inappropriate for an agent with an affiliation with the corporation to represent the corporation or the other attorneys in court." (Doc. 32 at 3.) Defendants are entitled to select counsel of their choosing. *In re BellSouth Corp.*, 334 F.3d 941, 955 (11th Cir. 2003). This right may be overcome "only if 'compelling reasons' exist." *Id.* at 961. The burden falls on the moving party to prove grounds for disqualification. *Id.*

Plaintiffs have provided no compelling rationale to disqualify Mr. Force. Instead, Plaintiffs merely assert that it is "inappropriate" for Mr. Force to represent other attorneys. (Doc. 32 at 3.) This rationale is not compelling. Absent any showing of the contrary, Defendants are entitled to select Mr. Force as their counsel. The Court has no basis to conclude otherwise.

Plaintiffs do, however, appear to offer more as to why Mr. Force cannot represent Defendant law firm, De Cubas and Lewis, PA. Plaintiffs seem to argue that Mr. Force is precluded from representing De Cubas and Lewis, PA, because it is his employer. (Doc. 32 at 3.) They reason that, because Mr. Force is an attorney for De Cubas and Lewis, PA, representing the firm would constitute pro se representation, which is barred. (Doc. 32 at 3.) While Plaintiffs are correct in asserting that corporations cannot appear pro se, that is not applicable here. Mr. Force is not barred from representing his law firm.

3

Plaintiffs reference a litany of cases asserting some variance of the same thing: that corporations cannot appear pro se, and that this rule cannot be circumvented through assignment. (Doc. 32 at 1-2.) It is true that corporations "cannot appear pro se, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *see also Jourdain v. John H. Wolf Enters.*, No. 5:21-CV-467, 2021 WL 5015534 (M.D. Fla. Oct. 28, 2021). And corporations cannot evade the rule requiring them to obtain counsel by assigning claims to an individual. *In re Rodriguez*, 633 F. App'x 524, 526 (11th Cir. 2015). But Plaintiffs are wrong that these rules have been violated here.

The firm is not appearing pro se because they have retained counsel in the form of Mr. Force. Mr. Force is an attorney who is licensed to practice in the State of Florida and admitted to practice before this Court. The fact that Mr. Force is now employed by Defendant De Cubas and Lewis, PA is not dispositive. *See Ondis v. Leider*, No. 5:21-CV-466, 2021 U.S. Dist. LEXIS 197622 (M.D. Fla. Oct. 14, 2021) (holding that a law firm is not proceeding pro se if it is represented by an attorney employed by the firm). Hiring Mr. Force as counsel does not circumvent the requirement for corporations to obtain counsel. *Id.* Rather, it actively adheres to the requirement. Thus, absent any showing of the contrary, Defendant De Cubas and Lewis, PA, are entitled to select Mr. Force as their counsel.

Because Plaintiffs have provided no grounds to compel this Court to disqualify Mr. Force from representing Defendants, the Court will not usurp their choice of counsel.

Accordingly, is now **ORDERED**:

Plaintiffs' Amended Motion to Strike Notice of Appearance (Doc. 32) is **DENIED**.

**ENTERED** in Fort Myers, Florida this June 16, 2023.

*Kyle C. Dudek*
United States Magistrate Judge

Copies:  All Parties of Record