UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO and LYNNEA SAITO,

    Plaintiffs,

v.                        Case No.:  2:23-cv-266-SPC-KCD

COREY LEWIS, et al.,

    Defendants.
_____/

## ORDER

Plaintiffs Koichi and Lynnea Saito move to recuse the undersigned under 28 U.S.C. § 455. (Doc. 41.) They claim "the magistrate judge . . . has provided an unfair advantage for fellow B.A.R. members involved in this case." (*Id.* at 2.)[1]

A federal judge must disqualify himself if his "impartiality might reasonably be questioned," or where a judge "has a personal bias or prejudice concerning a party," has participated as counsel in the matter, or has a financial interest in the matter. 28 U.S.C. § 455(a), (b). The intent underlying § 455 is "to promote confidence in the judiciary by avoiding even the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

Plaintiffs do not allege any personal knowledge or involvement in this case (or any other proceeding involving the parties). Nor do they claim the undersigned has a financial interest in the outcome. Their motion, instead, is based on apparent bias stemming from prior rulings. According to Plaintiffs, preference has been given to Defendants because of their association with the Florida Bar. (Doc. 41 at 2.)

The problem for Plaintiffs is simple. Challenges to a judge's "ordinary efforts at courtroom administration," including "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable)," are generally insufficient to require recusal. *Liteky v. United States*, 510 U.S. 540, 556 (1994). Only when the judge's conduct "is so extreme as to display clear inability to render fair judgment" does disqualification trigger. *Id.* at 551. The Court's rulings here were made in the routine administration of its duties and do not evidence any "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. Thus, contrary to Plaintiffs' claim, actionable bias is not present on these facts. *See, e.g., United States v. Hameen*, No. 3:18-CR-115-J-34JBT, 2018 WL 8806481, at *5 (M.D. Fla. Sept. 21, 2018); *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion[.]").

When moving for recusal based on bias, as Plaintiffs do here, relief is appropriate if a reasonable observer would question the judge's impartiality. This standard requires that the court take the perspective of a fully informed third-party observer who understands all the facts. *See Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). And importantly, "[a] reasonable observer must assume that judges are ordinarily capable of setting aside their own interests and adhering to their sworn duties to faithfully and impartially discharge and perform all the duties incumbent upon them." *Armenian Assembly of Am., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 91 (D.D.C. 2011). Thus, "a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky*, 510 U.S. at 558 (Kennedy, J., concurring). The undersigned is satisfied that a well-informed observer would not question my ability to be impartial here simply because of the rulings issued.

One last issue. Plaintiffs also claim the "magistrate judge illegally took jurisdiction" and acted without authority under "28 U.S.C. § 636 and Fed. R. Civ. P. 73." (Doc. 41 at 1-2.) This is simply wrong. "Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters." *Terry v. Vannoy*, No. CV 18-812, 2019 WL 2383296, at *1 (W.D. La. June 5, 2019); *see also United States v. Schultz*, 565 F.3d 1353, 1357

3

(11th Cir. 2009) ("[M]agistrate judges are authorized to hear and determine any pretrial matter[.]").

Accordingly, it is **ORDERED**:

Plaintiffs' Notice of Recusal of Magistrate Judge (Doc. 41) is **DENIED**.

**ENTERED** in Fort Myers, Florida on July 19, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

4