UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO and LYNNEA SAITO,

    Plaintiffs,

v.                                                      Case No.: 2:23-cv-266-SPC-KCD

COREY LEWIS, PRATIK PATEL, MOLLY EMMA CAREY, JOSEPH FOSTER, DE CUBAS AND LEWIS, PA, and STATE OF FLORIDA,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are many pending motions, mostly filed by pro se Plaintiffs Koichi and Lynnea Saito. As best the Court can tell, Plaintiffs face foreclosure proceedings in state court and sue individuals involved in the state case to "enforce constitutional rights under 42 U.S.C. § 1983, conspiracy statutes under Federal Law." (Doc. 1). The Court addresses each pending motion.

**A. Motion for Recusal (Doc. 50)**

Plaintiffs move to recuse the undersigned under 28 U.S.C. § 455. (Doc. 50). A federal judge must disqualify herself if her "impartiality might reasonably be questioned," or where a judge "has a personal bias or prejudice

concerning a party." 28 U.S.C. § 455(a), (b). The intent underlying § 455 is "to promote confidence in the judiciary by avoiding even the appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). Plaintiffs now seek recusal because they say the undersigned improperly struck their amended complaint, which shows bias and prejudice. (Doc. 50). Not so.

Plaintiffs filed their original complaint against six Defendants. Four moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), to which Plaintiffs never responded. The remaining Defendants moved to dismiss the next month. (Doc. 14; Doc. 40). Plaintiffs then unilaterally filed an amended complaint. (Doc. 43). They did so forty-four days after the first motion to dismiss, and eight days after the second motion to dismiss. Because Plaintiffs' 21-day window to file an amended pleading per Rule 15(a)(1)[1] as a matter of right lapsed, the Court struck the amended complaint. (Doc. 47). As explained, Plaintiffs needed either Defendants' written consent or the Court's permission to amend—neither of which they got before filing the amended complaint. (Doc. 47). The Court's decision to strike the amended complaint is why Plaintiffs seek recusal. (Doc. 50).

---

[1] Unless stated otherwise, all references to "Rule __" refers to the Federal Rules of Civil Procedure.

The problem for Plaintiffs is that striking the amended complaint was proper. Some courts differ on when the clock starts for amending as a matter of right where multiple defendants have filed Rule 12(b) motions. But this Court joins others in the Eleventh Circuit to find a plaintiff's chance to amend a complaint as a matter of right concludes 21 days after the first defendant files a Rule 12(b) motion or responsive pleading. *See* Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment ("The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."); *Allen v. Vintage Pharms. LLC*, No. 5:18-CV-00329-TES, 2019 WL 542981, at *3 (M.D. Ga. Feb. 11, 2019); *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2017 WL 7792570, at *3 (S.D. Fla. Oct. 18, 2017). Because the amended complaint came over double the 21-day period, the Court was correct to strike it. *Cf. McNeil v. United States*, 508 U.S. 106, 113 (1993) (stating that pro se plaintiffs must still follow procedural rules applicable to ordinary civil litigation). And because the amended complaint was properly struck, Plaintiffs' basis for recusal goes out the door. But that's not the only reason to deny recusal—there are two more.

First, challenges to a judge's "ordinary efforts at courtroom administration," including "judicial rulings, routine trial administration

3

efforts, and ordinary admonishments (whether or not legally supportable)," generally cannot require recusal. *Liteky v. United States*, 510 U.S. 540, 556 (1994). Only when a judge's conduct "is so extreme as to display clear inability to render fair judgment" does disqualification trigger. *Id.* at 551. Here, the Court struck the amended complaint per its routine judicial duties. *See id.* at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion[.]"). In doing so, the Court showed no "deep-seated favoritism or antagonism" to question its ability to render fair judgments. *Id.*; *see also United States v. Hameen*, No. 3:18-CR-115-J-34JBT, 2018 WL 8806481, at *5 (M.D. Fla. Sept. 21, 2018).

Second, a reasonable observer who understands all the facts here would not question the undersigned's impartiality. The Court applied—as it must—the procedural rules that bind all civil suits and parties (even pro se ones) in striking the amended complaint.

In sum, no judge of this Court harbors any aversion or hostility towards Plaintiffs. Nor do the judges hold any bias or prejudice against them. The Court is tasked with making sure all parties play by the rules of procedure. It does not get to make those rules, it can only apply them. So Plaintiffs have shown nothing about the Court's striking the amended complaint that shakes any confidence in the integrity of the judiciary. The Court thus denies Plaintiffs' motion for recusal.

4

**B. Motion for Supplemental Pleading (Docs. 53; Doc. 54)**

Plaintiffs also move for leave to supplement the Complaint (Doc. 53) under Rule 15(d) and filed a proposed Supplemental Pleading (Doc. 54). Plaintiffs want to add United States District Judge John Badalamenti, United States Magistrate Judge Kyle Dudek, and the undersigned as named defendants and sue us for obstruction of the administration of justice, violation of due process, and conspiracy to commit real estate deed fraud. (Doc. 54 at 1-2). Plaintiffs are largely upset with Judge Dudek because he has acted in this case without statutory authority and their consent. They object to Judge Badalamenti because he misapplied the law in denying their motion for a temporary restraining order. And Plaintiffs take another shot at the undersigned for striking the amended complaint.

Rule 15(d) says, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A court's ultimate consideration in deciding whether to let a party supplement a pleading is whether the proposed supplement will promote the efficient administration of justice. *See Nassar v. Nassar*, No. 3:14-CV-1501-J-34MCR, 2017 WL 26859, at *12 (M.D. Fla. Jan. 3, 2017), *aff'd,* 708 F. App'x 615 (11th Cir. 2017). "The decision whether to grant a motion for leave to file supplemental pleadings is generally within the

5

discretion of the district court." *Georgia Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1126 (11th Cir. 2022).

After considering the totality of the circumstances, permitting Plaintiffs to supplement the Complaint will not promote the administration of justice. Just the opposite. Allowing the supplement will unduly delay this matter because adding the targeted judges is futile because of absolute judicial immunity. "Judges are entitled to absolute judiciary immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkmak*, 435 U.S. 349, 356-57 (1978). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump*, 435 U.S. at 356). Even liberally reading the Supplemental Pleading, the new allegations attack the judges for decisions they made (or should not have made) while presiding over this case per their authority to do so. *See* Local Rule 1.05(a) ("On receipt of an initial paper, the clerk must . . . randomly assign the paper to a district judge, a magistrate judge, or both"). The Court will not clutter this already muddied case with needless claims against unsuited defendants. The Court thus denies the Motion for Supplemental Pleading (Doc. 53).

**C. Defendants' Motions to Dismiss (Doc. 14; Doc. 40)**

6

Next, Defendants move to dismiss the Complaint for many reasons, one being shotgun pleading. Rules 8 and 10 lay out the minimum pleading requirements. Under Rule 8, a complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that violate either rule are impermissible shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Courts have little tolerance for shotgun pleadings. *See Jackson v. Bank of Am.*, 898 F.3d 1348, 1357 (11th Cir. 2018). One reason is that shotgun pleadings "fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. So when a pro se plaintiff files a shotgun pleading, the court "should strike the [pleading] and instruct [plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001) (quoting *Cramer*, 117 F.3d at 1263); *see also Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1360 (S.D. Fla. 2016) ("[I]t is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8." (citation omitted)).

The Complaint is a shotgun pleading for two reasons. First, it is "replete with conclusory, vague, and immaterial facts not obviously connected to any

7

particular cause of action." *Weiland*, 792 F.3d at 1321-23. For example, Plaintiffs detail issues with a bank loan without being clear if any Defendants participated in this loan or how these issues relate to the claims. (Doc. 1 at 4-5). Second, the Complaint brings "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23. For example, the Complaint asserts claims for breach of contract and real estate deed fraud against all Defendants, but nothing is said about how each Defendant's misconduct forms the basis for those counts. (Doc. 1 at 70-71). The Complaint's pleading deficiency makes it "virtually impossible to ascertain . . . which defendant committed which alleged act" for Defendants to defend the claims against them. *Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996). The Court thus dismisses the Complaint as a shotgun pleading but will give Plaintiffs leave to amend.

Defendants make other arguments for dismissal, one of which the Court must also address now. Defendant Judge Foster argues the doctrine of judicial immunity bars the claims against him. He is correct.

"A two-part inquiry determines whether judges enjoy absolute immunity: (1) did the judge deal with the plaintiff in his judicial capacity; and, if yes, (2) did the judge act[ ] in the 'clear absence of all jurisdiction." *Murphy v. Stacy*, 809 F. App'x 677, 682 (11th Cir. 2020) (cleaned up). Courts consider

8

four factors to decide whether a judge was acting within the scope of his judicial capacity:

> whether "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.". . . As to the second prong of the inquiry, this Court has concluded that the "absence of all jurisdiction" means "a complete absence of subject matter jurisdiction."

*Murphy*, 809 F. App'x at 682 (citations and footnote omitted). The allegations against Judge Foster all stem from his normal judicial functions performed in his capacity as the presiding judge over the state foreclosure case. Judge Foster thus acted within his judicial capacity in taking the actions of which Plaintiffs complain.

Judge Foster also did not act in clear absence of his jurisdiction. By statute, Florida state circuit costs have exclusive jurisdiction over "all cases in in equity" like foreclosure actions. Fla. Stat. § 26.012(2)(c); *see* Cmty. Bank of Homestead v. Torcise, 162 F.3d 1084, 1087 (11th Cir. 1998). So as a Florida circuit court judge, Judge Foster did not act in the clear absence of all jurisdiction in presiding over the foreclosure case. Judge Foster thus may receive judicial immunity and that immunity makes any amendment as to Judge Foster futile. The Court thus grants Judge Foster's motion to dismiss

on the grounds of judicial immunity and dismisses him from this suit with prejudice.

### D. Motion for Temporary Restraining Order (Doc. 55)

Moving forward, Plaintiffs ask for a temporary restraining order ("TRO") to block federal funding to the State of Florida pending the outcome of this action because "the state/court policies and procedures violate the due process rights of the State citizens." (Doc. 55 at 3). Here's why Plaintiffs say they need the TRO:

> The State corporation's everyday policies and procedures are in violation of due process and therefore the state of Florida is not eligible to receive federal funding. Plaintiffs expect this court to follow the Constitution and block the federal funding until the State and the State court change the procedures and policies to be in harmony with the Constitution, more specifically the spending clause of the Constitution. Plaintiffs also request the federal court to vacate any state court judgments or orders in the interests of justice until the state is following the spending clause of the Constitution.

(Doc. 55 at 3-4).

Rule 65(b) governs temporary restraining orders—an "extraordinary and drastic remedy." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Relevant here, Rule 65(b) lets a court issue a TRO without notice to the opposing party if two requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Local Rule 6.01 complements the federal counterpart. It requires the moving party's legal memorandum to establish four factors: (1) the likelihood that the movant ultimately will prevail on the merits of the claim, (2) the irreparable nature of the threatened injury and the reason that notice is impractical, (3) the harm that might result absent a restraining order, and (4) the nature and extent of any public interest affected.

Plaintiffs satisfies neither Rule 65 nor Local Rule 6.01. Although Plaintiffs provide an affidavit, they make no showing on why the Court should issue a TRO without hearing from Defendants. Even liberally reading the motion, Plaintiffs also make no argument on the Local Rule 6.01 factors, and the Court need not do so for them. And the Court is hard-pressed to say for the fourth factor—the nature and extent of any public interest affected—does not weigh against a TRO when Plaintiffs want this Court to stop all federal funding to the State of Florida.

There are also other basic procedural problems with Plaintiffs' motion. They offer no "precise and verified explanation of the amount and form of the required security" per Local Rule 6.01(a)(3). Nor do they attach a proposed order per Local Rule 6.01(a)(5).

For all these reasons, the Court denies the requested TRO (Doc. 55).

### E. Objection and Demand for Reconsideration (Doc. 38)

Earlier in this case, Plaintiffs moved for another temporary restraining order. (Doc. 33). That time, Plaintiffs tried to block the state court from foreclosing on their home and evicting them. Judge Badalamenti denied the motion for violating the Local Rules and for requesting relief the Court could not lawfully grant under the *Rooker-Feldman* doctrine. (Doc. 34). Plaintiffs now object to Judge Badalamenti's decision as "a manifest error of law and fact" and move for reconsideration under Rule 59(e) and 60(b). (Doc. 38 at 1).

Rule 59(e) lets courts "alter or amend judgment" in a case based on newly discovered evidence or manifest errors of law or fact. *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). Because no judgment has been entered here, Rule 59(e) is inapplicable.

Plaintiffs' reliance on Rule 60(b) fares no better. Under Rule 60(b), the court may reconsider an order because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1)-(2). "A mistake under Fed. R. Civ. P. 60(b)(1) includes a judge's errors of law." *Kemp v. United States,* 142 S. Ct. 1856, 1862 (2022); *cf. Winchcombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (stating a Rule 60(b) motion cannot be used to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment"). Plaintiffs argue that Judge Badalamenti

12

misapplied the *Rooker-Feldman* doctrine. Even assuming so, that is not the only reason he denied the TRO. It had procedural deficiencies that merited denial. For example, the motion did not "include a precise and verified description of the conduct and persons subject to restraint, any explanation of amount or form of security, a supporting legal memorandum, or a proposed order, and does not establish the requirements of a temporary restraining order" per Local Rule 6.01(a). (Doc. 34). This alone was a reason to deny the motion. *See Lara v. Moghraby,* No. 8:19-cv-2798-60SPF, 2019 WL 6487321, at *2 (M.D. Fla. Dec. 3, 2019). The Court thus denies Plaintiffs' motion for reconsideration.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion for Recusal (Doc. 50) is **DENIED**.

2. Plaintiffs' Motion for Supplemental Pleading (Doc. 53) is **DENIED**. The Clerk is **DIRECTED** to strike Plaintiffs' Supplemental Pleading (Doc. 54) and remove it from the docket.

3. The Motions to Dismiss (Doc. 14; Doc. 40) are **GRANTED in part and DENIED in part**.

    a. The Motions are granted as to the shotgun pleading argument and the Complaint (Doc. 1) is **DISMISSED without prejudice**.

13

    b. The Motion (Doc. 40) is also granted as to absolute judicial immunity as to Defendant Joseph Foster, and Judge Foster is **DISMISSED with prejudice** from this action.

    c. Plaintiffs may file a second amended complaint consistent with this Opinion and Order on or before **August 8, 2023**. **Failure to file an amended complaint may result in the Court closing this case without further notice**.

4. Plaintiffs' Temporary Restraining Order (Doc. 55) is **DENIED**.

5. Plaintiffs' Objection and Demand for Reconsideration (Doc. 38) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 26, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

14