UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO and LYNNEA SAITO,

    Plaintiffs,

v.

Case No.: 2:23-cv-266-SPC-KCD

COREY LEWIS, PRATIK PATEL, MOLLY EMMA CAREY, JOSEPH FOSTER, DE CUBAS AND LEWIS, PA, and STATE OF FLORIDA,

    Defendants.
_____/

## ORDER

Plaintiffs Koichi and Lynnea Saito previously moved to "strike any pleadings filed by Attorney Steven Force" because his representation "is prohibited by law." (Doc. 65 at 1.) That requested was denied (Doc. 66), and Plaintiffs now ask the Court to reconsider its ruling (Doc. 67.)

First, Plaintiffs argue that the undersigned "acted . . . without legal consent or jurisdiction, in violation of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, when he [issued the challenged] ruling." (Doc. 67 at 1.) Not so. "Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters." *Terry v. Vannoy*, No. CV 18-812, 2019 WL 2383296, at *1 (W.D. La. June 5, 2019); *see also United States v. Schultz*, 565 F.3d 1353, 1357

(11th Cir. 2009) ("[M]agistrate judges are authorized to hear and determine any pretrial matter[.]"). This case has been referred to the undersigned for all non-dispositive matters. Because Plaintiffs' motion to strike falls into that category, there has been no violation of 28 U.S.C. § 636(c) or Fed. R. Civ. P. 73. *See, e.g.*, *Broad. v. D.B. Zwirn Special Opportunities Fund, L.P.*, No. 3:08-CV-222-J-34TEM, 2009 WL 10670728, at *3 (M.D. Fla. Nov. 25, 2009).

Second, Plaintiffs attempt to re-litigate the merits of their motion to strike. (*See* Doc. 67 at 1-2.) But "a motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003).

Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Plaintiffs do not claim an intervening change in controlling law or the underlying facts. Nor have Plaintiffs shown any legal error to induce the Court to reverse its decision. Accordingly, it is **ORDERED**:

    1.    Plaintiffs' Objection and Demand for Reconsideration (Doc. 67) is **DENIED**.

**ENTERED** in Fort Myers, Florida on August 30, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

3