UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO and LYNNEA SAITO,

    Plaintiffs,

v.                      Case No.:   2:23-cv-266-SPC-KCD

COREY LEWIS, PRATIK PATEL, MOLLY EMMA CAREY, DE CUBAS AND LEWIS, PA, STATE OF FLORIDA,

    Defendants.
_____/

# OPINION AND ORDER

Before the Court are pro se Plaintiffs Koichi Saito's and Lynnea Saito's Amended Objection and Demand for Reconsideration. (Doc. 61). Defendants oppose. (Doc. 64). Plaintiffs also filed a Notice of Recusal (Doc. 62), which the Court construes as a motion for the undersigned to recuse, and an Amended Supplemental Pleading (Doc. 63). For the following reasons, the Court denies Plaintiffs' request for reconsideration and motion for recusal. The Court also strikes the amended supplemental pleading, filed in violation of the Court's July 26, 2023, Order (Doc. 57).

First, some background is necessary. Plaintiffs faced foreclosure proceedings in state court and sue individuals involved in the state case to

"enforce constitutional rights under 42 U.S.C. § 1983, conspiracy statutes under Federal Law." (Doc. 1). On July 26, 2023, the Court issued an Order addressing many pending motions. (Doc. 57). The Court (1) denied Plaintiffs' request that the undersigned recuse, (2) denied Plaintiffs leave to supplement the complaint, (3) dismissed Plaintiffs' complaint with leave to amend except as to Defendant Judge Joseph Foster who the Court dismissed with prejudice, (4) denied Plaintiffs' motion for a temporary restraining order, and (5) denied a motion for reconsideration of United States District Judge John Badalamenti's ruling denying Plaintiffs' earlier request for a temporary restraining order. (Doc. 57). The Court gave Plaintiffs until on or before August 8, 2023, to file a second amended complaint consistent with the Court's Opinion and Order and warned failure to file an amended complaint may result in the Court closing the case. (Doc. 57).

Plaintiffs moved for reconsideration of the Court's July 26, 2023, Order. They also again seek the undersigned's recusal and filed an amended supplemental pleading in violation of the Court's July 26, 2023, Order. Finally, they filed a second amended complaint.

The Court begins with Plaintiffs' request for reconsideration. While Plaintiffs cite no specific Federal Rules of Civil Procedure, two may apply. "Under Federal Rule of Civil Procedure 59(e), a party may ask a district court to reconsider an earlier ruling." *Hill v. Escambia Cnty. Sherriff's Off.*, No. 21-

2

10631, 2022 WL 1297809, at *3 (11th Cir. May 2, 2022). But reconsideration under Rule 59(e) is not all encompassing. It is appropriate to correct "manifest errors of law or fact." *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019). It may also be used to account for intervening changes in law and newly discovered (or previously unavailable) evidence. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020). And lastly, a Rule 59(e) motion might work "if there is a need to correct a manifest injustice." *E.g.*, *LLC SPC Stileks v. Rep. of Mold.*, 985 F.3d 871, 882 (D.C. Cir. 2021). Similarly, Rule 60(b) provides for relief from judgments on the grounds of "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence." Fed. R. Civ. P. 60(b)(1)-(2). "A mistake under Fed. R. Civ. P. 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022).

The decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted). It is granted sparingly, and neither a Rule 59(e) motion nor a Rule 60(b) motion can be used as a vehicle through which to "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009); *Arthur*, 500 F.3d at 1343 (11th Cir. 2007) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)). "The burden is upon the movant to establish the extraordinary circumstances supporting

3

reconsideration." *U.S. ex rel. Matej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citation omitted).

Plaintiffs fail to establish the appropriateness of reconsideration. They show no manifest errors of law or fact, nor is there a need to correct a manifest injustice. As Plaintiffs raise arguments the Court already addressed in its July 26, 2023, Order, the Court need not rehash them here. But the Court must make three points, which also relate to Plaintiffs' amended supplemental pleading (Doc. 63), amended complaint (Doc. 69), and motion for recusal (Doc. 62).

First, Plaintiffs repeatedly take issue with the local rules and argue they need not follow them as pro se litigants. Not so. While pro se litigants are entitled to liberal construction of pleadings by the Court, "they are also subject to the relevant law and rules of court." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules."). Plaintiffs must comply with the Court's rules and orders.

Second, Plaintiffs' Amended Supplemental Pleading (Doc. 63) failed to comply with the Court's July 26, 2023, Order. The Court found supplementing the complaint would not promote the administration of justice—just the opposite—and denied Plaintiffs' motion to supplement the pleading. (Doc. 57

4

at Pgs. 5-6). Plaintiffs filed a supplement anyway. So the Court strikes it. Plaintiffs' second amended complaint (Doc. 69) also violates the Court's July 26, 2023, Order in that it includes state court Judge Joseph Foster, who the Court dismissed with prejudice. The Court dismisses the amended complaint as to Judge Foster.

Third, Plaintiffs have a recognized pattern—when they disagree with a ruling, they seek (1) to sue the judge, and (2) recusal. (Doc. 39; Doc. 42; Doc. 43; Doc. 50; Doc. 53; Doc. 62). But exceedingly few adverse decisions are grounds for such relief—and certainly none here. As the Court already explained, "Judges are entitled to absolute judiciary immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkmak*, 435 U.S. 349, 356-57 (1978). Even liberally reading Plaintiffs' filings, they attack judges for decisions they made (or should not have made) while presiding over this case per their authority to do so.

Further, challenges to a judge's "ordinary efforts at courtroom administration," including "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable)," generally cannot require recusal. *Liteky v. United States*, 510 U.S. 540, 556 (1994). Much of what Plaintiffs object to is the Court applying—as it must— the procedural rules that bind all civil suits and parties (even pro se ones). As

5

Plaintiffs' current motion for recusal (Doc. 62) is much of the same, the Court denies it.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Amended Objection and Demand for Reconsideration. (Doc. 61) is **DENIED**.

2. Plaintiffs' motion for the undersigned to recuse (Doc. 62) is **DENIED**.

3. The Court **STRIKES** Amended Supplemental Pleading (Doc. 63) and **DIRECTS** the Clerk to remove it from the docket.

4. The Amended Complaint against Judge Joseph Foster is **DISMISSED with prejudice** as to Judge Foster.

**DONE** and **ORDERED** in Fort Myers, Florida on August 30, 2023.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record