UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO and LYNNEA
SAITO,

     Plaintiffs,

v.                             Case No.:  2:23-cv-266-SPC-KCD

COREY LEWIS, PRATIK PATEL,
MOLLY EMMA CAREY, DE
CUBAS AND LEWIS, PA, STATE
OF FLORIDA,

     Defendants.

_____/

## OPINION AND ORDER

Before the Court is Defendants Corey Lewis, Pratik Patel, Molly Emma Carey, and De Cubas & Lewis, P.A.'s Motion to Dismiss the Amended Complaint with Prejudice ("Motion").  (Doc. 77).  Pro se Plaintiffs Koichi and Lynnea Saito move to strike the Motion (Doc. 79), which the Court liberally construes as their response in opposition.  Also pending are a slew of other motions by Plaintiffs:

- Motion for $3.5 Million in Sanctions (Doc. 73)

- Objection and Demand for Reconsideration of the Court's Orders (Doc. 74)

- Objection and Demand for Reconsideration of the Court's Orders (Doc. 80)

- Notice of Recusal of Magistrate Judge Per 28 USC Sec. 455 (Doc. 81)

- Demand for Default Pursuant to 56(c) (Doc. 82)

- Notice of Recusal of [District] Judge Per to 28 USC Sec. 455 (Doc. 83)

- Motion for Supplemental Pleadings (Doc. 85)

For the below reasons, the Court grants the Motion, denies Plaintiffs' motions to strike and recuse, and denies the other motions as moot.

This case started because PennyMac Loan Services, LLC sued Plaintiffs in state court earlier this year to foreclosure on their mortgage.[1]  Representing PennyMac were two attorneys from De Cubas & Lewis, P.A.: Patel and Lewis. The state court eventually entered a final judgment of foreclosure, and PennyMac bought Plaintiffs' home at a public sale on August 3, 2023.

While the state suit was ongoing, Plaintiffs sued Defendants here seeking millions in damages and to stop the foreclosure.  They challenge the foreclosure process and Defendants' actions in it as flawed.  For example, they maintain Florida's foreclosure laws are unconstitutional because they are missing "the three elements the state constitution mandates must be present to be a valid law." (Doc. 69 at 6-7)  Plaintiffs also assert that Patel and Lewis did not follow unidentified regulations with the mortgage documents and filed

---

[1] Attached to the Amended Complaint are the docket sheet and other filings from the state foreclosure action: *PennyMac Loan Servs., LLC v. Saito*, No. 11-203-CA-000138-0001-XX. (Doc. 69-1 to Doc. 69-5).  The Court takes judicial notice of the case.  And because of Plaintiffs' pro se status, the Court has reviewed the foreclosure case to gain some clarity.

the foreclosure suit "without an affidavit from an injured party to provide jurisdiction to the court." (Doc. 69 at 6).

All told, the Amended Complaint makes five claims against Defendants: (1) negligence under 42 USC 1983; (2) a Fifth Amendment due process violation; (3) conspiracy to commit real estate deed fraud; (4) wrongful foreclosure; and (5) obstruction of justice.[2] (Doc. 69 at 9-11). It also asserts forgery and breach of contract claims against Patel, Lewis, and their law firm. Defendants move to dismiss the Amended Complaint. (Doc. 77).

Before diving into the Motion, the Court will address two preliminary matters. First, Plaintiffs again move for the undersigned and Judge Dudek to recuse. (Docs. 81, 83). This is not the first, second, or third time Plaintiffs seek recusal. And nothing has changed since the Court last addressed the issue. So the Court renews its already expressed reasons for denying recusal. (Docs. 44, 52, 57, 71, 72).

Second, Plaintiffs move to strike the Motion because Steven Force, an attorney for De Cubas & Lewis, filed it. It seems Plaintiffs argue that, because Force is an attorney for De Cubas and Lewis, him representing the firm would be pro se representation, which is barred. (Doc. 79 at 6). But Judge Dudek rejected this argument months ago:

---

[2] As best the Court can tell, Plaintiffs sue Defendant Molly Emma Carey only because she co-owns with Patel real property they want to recover as damages. (Doc. 69 at 5, ¶ 26).

> Mr. Force is not barred from representing his law firm. Mr.
> Force is an attorney who is licensed to practice in the State
> of Florida and admitted to practice before this Court. The
> fact that Mr. Force is now employed by Defendant De
> Cubas and Lewis, PA is not dispositive. *See Ondis v.
> Leider*, No. 5:21-CV-466, 2021 U.S. Dist. LEXIS 197622
> (M.D. Fla. Oct. 14, 2021) (holding that a law firm is not
> proceeding pro se if it is represented by an attorney
> employed by the firm). Hiring Mr. Force as counsel does
> not circumvent the requirement for corporations to obtain
> counsel. *Id.* Rather, it actively adheres to the requirement.
> Thus, absent any showing of the contrary, Defendant De
> Cubas and Lewis, PA, are entitled to select Mr. Force as
> their counsel.

(Doc. 37 at 4). The Court agrees with this analysis, and Plaintiffs offer no

reasonable argument or authority to find otherwise. The Court thus denies

Plaintiff's motion to strike.

Turning to the Motion. Defendants argue the Amended Complaint

remains a shotgun pleading. They are right. Although pro se complaints are

held to a less stringent standard than those counsel draft, they must still follow

the procedural rules. *See Mickens v. Tenth Jud. Cir.*, 181 F. App'x 865, 875

(11th Cir. 2006). The Federal Rules of Civil Procedure set minimum

requirements—a pleading must have "a short and plain statement of the claim

showing that the pleader is entitled to relief" and the relief sought. Fed. R.

Civ. P. 8(a). These requirements ensure a defendant has fair notice about what

a claim is and the grounds on which it rests.

Certain particularly confusing complaints, known as "shotgun

pleadings," are impermissible because they fail to give the defendant adequate

notice. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320-21 (11th Cir. 2015).  A shotgun pleading is often full of conclusory, vague, and unimportant facts.  *Id.*  Or it may bring "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

The Court dismissed the initial complaint as a shotgun pleading.  (Doc. 57).  In doing so, the Court explained how the complaint violated the pleading rules and gave Plaintiffs a chance to remedy the deficiencies.  But the Amended Complaint does not correct the problems identified.  It again asserts multiple claims against multiple defendants without specifying who is responsible for which act.  Plus, it is full of disjointed narrative with irrelevant facts and legal arguments asserted with no connection to any claim.  Because Plaintiffs received notice of the shotgun pleading deficiencies and instructions on how to cure them, the Court dismisses this action with prejudice.  *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("If that chance [to amend] is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds.").

Even if the Amended Complaint weren't a shotgun pleading, the Court notes that Plaintiffs already raised identical allegations in the state case

through a counterclaim.  But Plaintiffs allegations fared no better there.  After holding a hearing, the state court dismissed the counterclaim.  So Plaintiffs are not entitled to a second bite at the apple in federal court.

What's more, the Amended Complaint is grounded in frivolous "sovereign-citizen" allegations.  For example, it says:

> 34. The record reflects that Plaintiffs are not statutory U.S. citizens and have no minimum contacts with the state, and therefore are not subject to the court's statutory jurisdiction without an injured party or damaged property.
>
> 35. The record reflects that Plaintiff's property is not "in the state" as statutorily defined at F.S. 212.02, meaning "within the state boundaries of Florida as defined in s. 1, Art. II of the State Constitution and includes all territory within these limits owned by or ceded to the United States."
>
> 36. Plaintiffs' property is not in the state, as statutorily defined, and therefore not subject to the court's in rem jurisdiction.

(Doc. 69 at 6); *see also Young v. PNC Bank, N.A.*, No. 3:16-cv-298, 2018 WL 1251920, at n.1 (N.D. Fla. Mar. 12, 2018) (noting the plaintiff did not identify himself as a sovereign citizen but his attempt to move forward under a bizarre legal theory bore the hallmarks of a sovereign citizen theory).  For context, so-called sovereign citizens usually believe they are not subject to government authority.  *See Trevino v. Fla.*, 687 F. App'x 861, 862 (11th Cir. 2017).  They often "employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."  *Gravatt v.*

*United States*, 100 Fed. Cl. 279, 282 (2011).  Most courts, including those in the Eleventh Circuit, summarily reject their legal theories, arguments, and allegations as frivolous.  *See United States v. Sterling*, 738 F.3d 228, 233 (11th Cir. 2013); *Young*, 2018 WL 1251920, at *2.

Because the Amended Complaint follows this sovereign-citizen pattern and Plaintiffs already had a chance to amend their pleadings, any further amendments would be futile.  *See Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019); *McKenna v. Obama*, No. 3:15-CV-335-MCR-CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016) (dismissing sovereign-citizen like complaint without leave to amend).  The Court thus dismisses the Amended Complaint with prejudice.

Accordingly, it is

**ORDERED:**

1. Defendants Corey Lewis, Pratik R. Patel, Molly Emma Carey, and De Cubas & Lewis, P.A.'s Motion to Strike or Dismiss Plaintiffs' Amended Complaint with Prejudice (Doc. 77) is **GRANTED**.  The Amended Complaint (Doc. 69) is **DISMISSED with prejudice**.

2. Plaintiffs Koichi and Lynnea Saito's Motion to Strike (Doc. 79) is **DENIED**.

3. Plaintiffs' Notice of Recusal of Magistrate Judge Per 28 USC Sec. 455 (Doc. 81) is **DENIED**.

4. Plaintiffs' Notice of Recusal of [District] Judge Per to 28 USC Sec. 455 (Doc. 83) is **DENIED**.

5. The Clerk will enter judgment for Defendants, deny any remaining motions as moot, terminate the deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on October 9, 2023

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record