UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO and LYNNEA SAITO,

    Plaintiffs,

v.                                                                  Case No.: 2:23-cv-266-SPC-KCD

COREY LEWIS, PRATIK PATEL, MOLLY EMMA CAREY, DE CUBAS AND LEWIS, PA and STATE OF FLORIDA,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is pro se Plaintiffs Koichi and Lynnea Saito's Objections and Demand for Reconsideration and Notice of Claim. (Doc. 89). About three weeks ago, the Court dismissed the Amended Complaint with prejudice because it was a shotgun pleading. (Doc. 87). The Court allowed no more amendments because it already dismissed the original complaint as a shotgun pleading, Plaintiffs already lost on their claims in state court, and the allegations asserted here were grounded in common (yet frivolous) sovereign-citizen contentions. (Doc. 87).

Plaintiffs disagree with the Court and object to the dismissal. In liberally reading their Objections, Plaintiffs seem to bring four challenges:

> (1) the Amended Complaint was not a shotgun pleading;
>
> (2) the underlying state court judge erred in dismissing their arguments against foreclosure and thus violated their due process rights;
>
> (3) judicial immunity does not protect the state court judge from this action because he violated their due process rights in an "administrative court proceeding"
>
> (4) the undersigned has violated their due process rights by dismissing the Amended Complaint "without specific findings of fact or conclusions of law" and holding them to the same standard as licensed attorneys.

(Doc. 89). Because of the alleged errors, Plaintiffs say they intend to sue the undersigned. (Doc. 89 at 8).

The Court construes Plaintiffs' pro se Objections under Federal Rules of Civil Procedure 59(e) and 60(b). Rule 59(e) lets a court change a judgment within 28 days after judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Shackleford v. Sailor's Wharf, Inc.*, 770 F. App'x 447, 451 (11th Cir. 2019) (citation omitted). A court's reconsideration of a past order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993). Rule 59(e) may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Rule 60(b) is another avenue for reconsideration. It allows relief from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A court may also grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this provision is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.3d 677, 680 (11th Cir. 1984). Like Rule 59(e), a motion for reconsideration under Rule 60(b) "cannot be used to relitigate old matters." *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020).

Plaintiffs' Objections fail to satisfy Rule 59(e)'s and 60(b)'s demanding standards for reconsideration. To start, they raise nothing new in their Objections. Instead, they recycle the same facts and legal arguments the Court found unpersuasive throughout this action. They offer no newly discovered evidence. Nor have they established any mistake, obvious errors of law or fact, or that "the interests of justice demand correction." *McGuire v. Ryland Grp.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). At most, Plaintiffs just disagree with the Court's conclusions. For example, Plaintiffs argue the Court held them to the same standard as a licensed attorney. Not so. It specifically stated, "Although pro se complaints are held to a less stringent standard than those counsel draft, they must still follow the procedural rules." (Doc. 87 at 4 (citation omitted)). Likewise, Plaintiffs' reiterations about the state court

3

judge not being entitled to judicial immunity have been considered and reconsidered. (Doc. 57; Doc. 72; Doc. 76). At bottom, Plaintiffs fail to show the extraordinary remedy of reconsideration is justified under Rule 59(e) or 60(b).

Accordingly, it is now

**ORDERED:**

Plaintiffs Koichi and Lynne'a Saito's Objections and Demand for Reconsideration and Notice of Claim (Doc. 89) are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 8, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record